UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Lonnie L. Halbert,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Central Rivers Cooperative,

Defendant. Civ. No. 00-1160 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 22nd day of February, 2001.

* * *

The above-entitled matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

This matter was commenced on May 9, 2000, by the filing of a Complaint with the Clerk of Court. On November 17, 2000, it having appeared that one hundred and twenty (120) days had passed and the Defendant had not been served with the Complaint and Summons as required by Rule 4(m) of the Federal Rules of Civil Procedure, we issued an Order which stated as follows:

> That counsel for the Plaintiff is directed to show good cause, in writing, within twenty (20) days of the date of this Order, for an extension of time in which service can be

FEB 23 2001

(10)

> effectuated. In the absence of good cause shown, the Court shall recommend that this action be dismissed for failure to effect proper service upon the Defendant and for failure of prosecution.

In part, the Plaintiff had failed to effectuate service because he has never paid a fee for the filing of his Complaint, and had never secured a Summons from the Clerk of Court so as to effectuate the service of process. Notably, the Plaintiff's application for in forma pauperis standing was denied by the District Court, upon our recommendation, on July 6, 2000.

On November 17, 2000, we issued an Order to Show Cause why the Plaintiff's Complaint should not be dismissed for failure of the Plaintiff to effectuate service, and the Plaintiff responded, on or about December 11, 2000, with a writing that we indulgently construed as a request for an extension of time to service process in order that the Plaintiff could secure legal counsel. By Order dated January 5, 2001, we granted the Plaintiff until February 7, 2001, by which to effectuate service if that was his intention. On February 2, 2001, the Plaintiff, who now appears to be represented by counsel, filed an Amended Complaint which purports to have been "served upon all parties to the above cause or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings * * *." Notably, notwithstanding the averment of Plaintiff's counsel, no appearances have been made by, or on behalf

of, the Defendant in this matter, and there are not "respective addresses disclosed on the pleadings."

More troubling, however, is the fact that a Summons in this case has never been served with a Complaint -- or an Amended Complaint -- and the Plaintiff has never paid a filing fee. Indeed, any attempt at service of process would have been legally ineffectual, since, by Order dated May 22, 2000, we directed as follows:

> That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendant, until so directed by further Order of the Court.

We do not know what Plaintiff's counsel knows about the procedural history of this case, but service of process not having been effected by February 7, 2001, this case should be dismissed. When a cause of action pends, as here, for a period of nine months without any legally substantive act by the Plaintiff to prosecute his claim, we believe the case should be dismissed.

Unless the Plaintiff can demonstrate cause for a dismissal without prejudice, we recommend that the dismissal be for want of prosecution.

WHEREFORE, it is --

RECOMMENDED:

That this action be dismissed for failure to comply with this Court's Orders of November 17, 2000, and January 5, 2001, for failure to effect proper service, and for lack of prosecution.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 9, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 9, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.